IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARA L. MOHLER | * | |
| | * | |
| v. | * | Civil No. JFM-05-1070 |
| | * | |
| MANUFACTURERS AND TRADERS | * | |
| TRUST COMPANY a/k/a M&T Bank | * | |
| | ***** | |

MEMORANDUM

In this action plaintiff asserts two claims under the Electronic Funds Transfer Act, 15 U.S.C. §§1693 *et seq.*, and its implementing regulation, Regulation E, 12 C.F.R. part 205. First, she alleges that defendant's exterior ATM notice improperly states that a fee "may" be charged for using the ATM, rather than saying that a fee "will" be charged. Second, she contends that defendant's notice is not in a "prominent and conspicuous location." Defendant has filed a motion for summary judgment. The motion will be granted.

Judge Young of the District of Massachusetts has recently issued an opinion addressing the "may" versus "will" issue. *See Morrissey v. Webster Bank, N.A.*, 2006 W.L. 399629 (D. Mass. Feb. 22, 2006). I fully agree with Judge Young's incisive and thorough analysis, and on the basis of his opinion I find in favor of defendant on the issue.

The second issue is whether defendant's placement of the "on machine" notice on a nine inch by twenty-two inch disclosure panel that is seven inches to the right of the ATM's edge (twenty-five inches from the keypad) satisfies the "prominent and conspicuous" requirement of 15 U.S.C. §1693(b)(d)(3)(B)(i). I find it does. As the statute makes clear, the "on machine" notice need not actually be on the ATM itself, but rather in a "location *or at*" the machine. *Id.* (*emphasis added*).  Further, the size and location of defendant's disclosure panel render it, and the fee notice posted on it, sufficiently conspicuous to draw the attention of any reasonable

person approaching the ATM by car or on foot.

    A separate order granting defendant's motion is being entered herewith.


Date: March 24, 2006      /s/
    J. Frederick Motz
    United States District Judge